UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
STEPHEN GERRITSEN, BENJAMIN GERRITSEN,
SG ENTERPRISES, LLC, and BWG ENTERPRISES,
LLC,

                     Plaintiffs,

         — against —

GLOB TRADING, INC. d/b/a GLOB TRADING OF
NEW YORK a/k/a GLOB TRADING, INC., and
SHANKA DESALU, in his individual and official
capacity as officer, agent and director of GLOB
TRADING, INC.,

                     Defendants.
------------------------------------------------------------------------ X

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

06-CV-3756 (SLT)(RLM)

**TOWNES, United States District Judge**:

       On August 2, 2006, the plaintiffs – brothers Stephen and Benjamin Gerritsen of Weber County, Utah, and their limited liability companies, SG Enterprises, LLC ("SGE"), and BWG Enterprises, LLC ("BWGE") – commenced this diversity action against defendants Glob Trading Inc. ("GTI"), a New York corporation, and Shanku Desalu, an officer and director of GTI, alleging breach of contract, common-law fraud and misrepresentation, and unfair and deceptive trade practices in violation of New York General Business Law § 349. The summons and complaint were served on GTI through the New York State Department of State on August 8, 2006. One day later, defendant Desalu was personally served with process at his Wall Street office.

       Neither GTI nor Mr. Desalu answered or otherwise responded to plaintiffs' complaint. Accordingly, on October 17, 2006, plaintiffs filed a motion for default judgment. That motion

was subsequently referred to Magistrate Judge Roanne L. Mann for a report and recommendation (an "R&R").

Magistrate Judge Mann issued her R&R on November 18, 2008, recommending that the plaintiffs' motion for default judgment be granted in part and denied in part. Specifically, Magistrate Judge Mann recommended that SGE and BWGE be permitted to recover damages from GTI for breach of contract. However, Magistrate Judge Mann also recommended that default judgment be denied with respect to plaintiffs' two other claims – the claims for common-law fraud and misrepresentation and for unfair and deceptive trade practices.

To date, neither plaintiffs nor defendants have filed any objections to Magistrate Judge Mann's R&R. A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

Although not required to do so, this Court has reviewed the record and is satisfied that there is no clear error. To be sure, this Court is troubled by the provisions of the contracts at issue, which Magistrate Judge Mann construes as promising BGWE and SGE monthly returns of 40% and 45%, respectively, as well as return of their principal. If these contracts were to be characterized as loan agreements, they might be usurious as a matter of law and void as a matter of public policy. *See* N.Y. Gen. Oblig. Law § 5-521(2); *see also* Paul Golden, *Evolution of Corporate Usury Laws Has Left Vestigal Statutes that Hinder Business Transactions*, 73 N.Y.

St. B.J. 20, 22 (May 2001). However, since defendants have failed to appear and to "interpose[] a defense of criminal usury," *see* N.Y. Gen. Oblig. Law § 5-521(3), this Court lacks evidence to establish that the contracts at issue, which purport to involve "investments," were actually loan agreements. Accordingly, this Court concurs with Magistrate Judge Mann's conclusion that the agreements at issue should be enforced with respect to defendant GTI.

## *CONCLUSION*

For the reasons stated above, this Court adopts Magistrate Judge Mann's Report and Recommendation dated November 18, 2008, in its entirety as the opinion of this Court. *See* 28 U.S.C. § 636(b)(1). The Clerk of Court is directed to enter judgment against defendant Glob Trading, Inc., awarding plaintiff BWG Enterprises, LLC, damages in the amount of $236,000.00, plus pre-judgment interest calculated at 9% per annum from June 2, 2006, until the date of judgment; awarding plaintiff SG Enterprises, LLC, damages in the amount of $324,500.00, plus pre-judgment interest calculated at 9% per annum from June 2, 2006, until the date of judgment; and jointly awarding plaintiffs BWG Enterprises, LLC, and SG Enterprises, LLC, costs in the amount of $435.00. In addition, plaintiff shall be entitled to recover post-judgment interest pursuant to 28 U.S.C. § 1916(a).

SO ORDERED.

Dated: Brooklyn, New York
February 3, 2009

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge